Entered on Docket
December 28, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: December 28, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                      Case No. 10-47541 EDJ
                                           Chapter 7
STEVEN ON AND
IVY HO ON,
                    Debtors./

MEMORANDUM DECISION - DEBTORS' MOTION TO DISMISS

    Steven On and Ivy Ho On, the above debtors (hereinafter, the "debtors"), have moved for dismissal of this chapter 7 case. The motion is opposed by Paul Mansdorf, trustee in bankruptcy ("Mansdorf").

    The debtors ground their motion on what they allege is their own willful failure to comply timely with their duty under Bankruptcy Code § 521(e)(2)(A) to supply Mansdorf with a copy of their year 2009 tax return. In essence, the debtors contend that, because they elected not to comply with that duty, Bankruptcy Code § 521(e)(2)(B), quoted infra, deprives the court of discretion to deny their motion. Therefore, contend the debtors, the court must dismiss their case, even if dismissal would not otherwise be

Memorandum Decision

warranted under the applicable statutory and case law governing dismissal of chapter 7 cases.

On December 21, 2010, the court entered its order denying the debtors' motion.

A. Background

The debtors filed a voluntary chapter 7 petition herein on July 1, 2010. The meeting of creditors mandated by Bankruptcy Code § 341(a)[1] was initially set for August 11, 2010. The setting of the meeting of creditors on this date triggered a duty on the part of the debtors under § 521(e)(2)(A)[2] to supply Mansdorf with copies of their year 2009 tax return on or before August 4, 2010, seven days prior to the meeting of creditors. The debtors supplied Mansdorf

---

[1] All further section references herein are to the Bankruptcy Code, 11 U.S.C. § 101 et seq.

[2] Section § 521(e)(2)(A) provides:

(A) The debtor shall provide--

(i) not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return required under applicable law (or at the election of the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed; and

(ii) at the same time the debtor complies with clause (i), a copy of such return (or if elected under clause (i), such transcript) to any creditor that timely requests such copy.

Memorandum Decision 2

with a copy of the tax return, at, but not seven days prior to, the meeting of creditors.

In his opposition to the debtors' motion to dismiss, Mansdorf argues that dismissal would not be in the best interest of creditors and the estate, alleging that the debtors have failed to schedule significant assets such as bank accounts, that they wrongfully transferred property of the estate to their children after the filing of the petition, that they have claimed exemptions to which they are not entitled, and that the estate has assets that could be distributed to creditors.

B. <u>Discussion</u>

Section 707(a) provides, in relevant part, that a court may dismiss a case under chapter 7 "only for cause." Thus, a debtor does not have an absolute right of dismissal. <u>In re Bartee</u>, 317 B.R. 362, 366 (9th Cir. BAP 2004); <u>In Re Leach</u>, 130 B.R. 855, 857 (9th Cir. BAP 1991).

A debtor is generally not entitled to an order of dismissal if such dismissal would result in legal prejudice to creditors. <u>Bartee</u>, 317 B.R. at 366; <u>Leach</u>, 130 B.R. at 857. "Debtors bear the burden of establishing that dismissal would not prejudice their creditors." <u>Bartee</u>, 317 B.R. at 366.

The Ninth Circuit Bankruptcy Appellate Panel has held that dismissal, when assets are available to pay something to unsecured creditors, would be prejudicial to creditors such as to preclude the granting of a debtor's motion to dismiss. <u>Id.</u>

////

Memorandum Decision 3

Here, assets are available for distribution to creditors.
Moreover, Mansdorf believes that he may be able to enhance such distribution depending on the outcome of his further investigation as to the allowability of the debtors' disputed claims of exemption, and any future proceedings regarding the undisclosed assets and unauthorized post-petition transfers of estate property that Mansdorf alleges.

Suffice it to say that cutting off Mansdorf's ability to investigate the foregoing matters and to pursue any action to recover assets in connection therewith, while denying the estate of the benefit of its assets now on hand, would clearly be prejudicial to creditors.

Moreover, if the debtors' schedules and statements are materially inaccurate, as Mansdorf alleges, such would provide a separate and independent ground for denial of the debtors' motion to dismiss. Bartee, 317 B.R. 366-67. As the Bartee court stated:

> A debtor who has invoked the protection of the Bankruptcy Code must also assume the responsibilities attendant to this protection, including accounting for assets and completing schedules in good faith, and . . . the debtor may not engage in questionable or fraudulent conduct and then dismiss the case once such conduct is discovered.

Id. (internal citations omitted).

The debtors cite no law to the contrary. Rather, their primary argument boils down to their contention that, under the facts of this bankruptcy case, § 707(a) and the jurisprudence thereunder is rendered irrelevant by § 521(e)(2)(B), which provides as follows:

Memorandum Decision 4

> If the debtor fails to comply with clause (i) or (ii) of subparagraph (A), the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor.

Thus, the debtors' argument is that they failed to provide copies of their tax return to Mansdorf on a timely basis, that such failure to comply was <u>not</u> due to circumstances beyond their control, and thus, that "the court shall dismiss" language mandates that their motion to dismiss be granted.

This argument fails for many reasons. In the first place, the court entered an order on August 6, 2010 providing that if the debtors did not provide Mansdorf with the required tax documents within 14 days from the date of the order, their case may be dismissed. This operated to extend the time for the debtors to avoid dismissal by complying no later than August 20, 2010. They did so comply, and thus, § 521(e)(2)(B) was not triggered.

More significantly, § 521(e)(2)(B) does not trump § 707(a) when a debtor's motion to dismiss is at issue. Section 707 is the Bankruptcy Code provision that specifically governs dismissal of chapter 7 cases. Section 521 is the Bankruptcy Code section that governs a debtor's duties under the Bankruptcy Code, and provides for dismissal in some cases if the debtor does not comply.

But when a debtor, rather than a trustee or creditor, is seeking dismissal, § 707 and not § 521 is the governing provision. "It is an elementary tenet of statutory construction that '[w]here there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one . . . .'" <u>Guidry v.</u>

Memorandum Decision 5

<u>Sheet Metal Workers Nat. Pen. Fund</u>, 493 U.S. 365, 375, 110 S.Ct. 680, 687 (1990) quoting <u>Morton v. Mancari</u>, 417 U.S. 535, 550-51, 94 S.Ct. 2474, 2482-83 (1974).

In this regard, it is worth noting that in the instance where Congress did, in fact, intend for § 521 to trump § 707, <u>i.e.</u>, in § 521(i)(1),[3] it expressly so provided, whereas no such exception appears in § 521(e)(2).

In addition, in construing §§ 707 and 521, it is appropriate for the court to note that

> It is a maxim of equity adjudication that 'no one can take advantage of his own wrong;' and the Bankruptcy Court is a court of equity. To permit one to profit by his own wrongdoing is to extend an open invitation to wrongdoing. Equity abhors such conduct.

<u>In re Fuller Cleaning & Dyeing Co.</u>, 118 Fed.2d 978, 979 (6th Cir. 1941). Or, as the Ninth Circuit Bankruptcy Appellate Panel stated:

> [T]here is an important interest related to the integrity of the bankruptcy system. When a debtor's choice to commence a chapter 7 case backfires, a debtor is not entitled to escape by awarding himself a dismissal either by declining to perform his statutory duties or by recanting he commitment to have debtor-creditor relations adjusted in equitable proceedings.

---

[3]Section 521(i)(1) provides:

Subject to paragraphs (2) and (4) and notwithstanding section 707(a), if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition.

Memorandum Decision 6

In re Hickman, 384 B.R. 832, 842 (9th Cir. BAP 2008).

The court is aware of the decision in In re Norton, 347 B.R. 291 (Bankr. E.D. Tenn. 2006), cited by the debtors, which held that a bankruptcy court has no discretion to extend the time for a debtor to comply with § 521(e)(2)(B) on request of a trustee in bankruptcy, and ordering a debtor that had failed to comply timely to show cause why her bankruptcy case should not be dismissed.

This court declines to follow Norton. In Norton, the debtor was not seeking dismissal; rather, the trustee was seeking an extension of time. Moreover, Norton, to the extent applicable here, conflicts with most of the other reported decisions relevant to the question, such as In re Duffus, 339 B.R. 746, 748 (Bankr. D. Or. 2006), In re Grasso, 341 B.R. 821 (Bankr. D. N.H. 2006), and In re Ring, 341 B.R. 387 (Bankr. D. Me. 2006).

It also conflicts with the reasoning of the Ninth Circuit's decision in In re Warren, 568 F.3d 1113 (9th Cir. 2009). In Warren, a bankruptcy court had denied a debtor's motion to dismiss a chapter 7 case after the trustee had discovered assets. The debtor sought to use her own failure to comply with § 521(i)(1)'s 45-day deadline to provide the information required by § 521(a)(1) as grounds for the motion, arguing that § 521(i)(1) provides that a case "shall be automatically dismissed effective on the 46th day" if the debtor fails to file timely the information required by § 521(a)(1).

The bankruptcy declined to grant the debtor's motion to dismiss, notwithstanding the "automatically dismissed" language, and the debtor appealed. The district court reversed. The Ninth

Memorandum Decision                    7

Circuit, however, reversed the district court, noting that a contrary construction of § 521(a)(1) and 521(i)(1) would be inconsistent with the Congressional intent of § 521, preventing debtor abuse. Warren, 568 F.3d at 1118. The Ninth Circuit also noted that, in enacting § 521, Congress never intended to strip the bankruptcy court of the flexibility it needs to "respond intelligently to a debtor who is attempting to manipulate the system simply because the forty-five day deadline has passed." Id. at 1119 (internal citations omitted).

C. Conclusion

For the foregoing reasons, the court has issued its order denying the debtors' motion to dismiss this chapter 7 case.

*** END OF ORDER ***

Memorandum Decision 8

1 | COURT SERVICE LIST
2 |
3 | Lawrence L. Szabo
  | Law Offices of Lawrence L. Szabo
4 | 3608 Grand Ave. #1
  | Oakland, CA 94610-2024
5 |
  | Linda Sorensen
6 | Law Offices of Linda L. Sorensen
  | P.O. Box 325
7 | Bodega Bay, CA 94923
8 | Office of the U.S. Trustee
  | 1301 Clay St. #690N
9 | Oakland, CA 94612

Memorandum Decision 9

Case: 10-47541   Doc# 70   Filed: 12/28/10   Entered: 12/28/10 16:03:36   Page 9 of 9